AO 245B   (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

10 SEP 16 PM 2:06

UNITED STATES OF AMERICA
v.
HENRIKO CHUNG (13)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 07CR2016-IEG

MICHAEL METZ
Defendant's Attorney

**REGISTRATION NO.** 72839004

☐

THE DEFENDANT:
☒ pleaded guilty to count(s) 3 and 237 of the Indictment
☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21 USC 846 | Conspiracy to Distribute Controlled Substances | 3 |
| 18 USC 1956(h) | Conspiracy to Commit Money Laundering | 237 |

The defendant is sentenced as provided in pages 2 through ___3___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) Remaining counts   is ☐  are ☒ dismissed on the motion of the United States.
☒ Assessment: $100.00 as to each count for a total of $200.00

☒ Fine ordered waived     ☒ Forfeiture pursuant to order filed   11/1/2007  , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

September 13, 2010
Date of Imposition of Sentence

HON. IRMA E. GONZALEZ
UNITED STATES DISTRICT JUDGE

07CR2016-IEG

AO 245D    (Rev. 3/10) Judgment in a Criminal Case for Revocations
           Sheet 2 -- Probation

Judgment—Page  2  of  3

DEFENDANT: HENRIKO CHUNG (13)
CASE NUMBER: 07CR2016-IEG

## PROBATION

The defendant is hereby sentenced to probation for a term of :

2 years as to counts 3 and 237, to run concurrent.

The defendant shall not commit another federal, state, or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than ____ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

   If this judgment imposes a fine or restitution obligation, it is a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments sheet of this judgment.

   The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the special conditions imposed.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 9/00) Judgment in a Criminal Case
            Sheet 4 — Special Conditions

DEFENDANT: HENRIKO CHUNG (13)
CASE NUMBER: 07CR2016-IEG

Judgment—Page 3 of 3

# SPECIAL CONDITIONS OF SUPERVISION

[X] Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

[ ] If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer with   24   hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

[ ] Not transport, harbor, or assist undocumented aliens.

[ ] Not associate with undocumented aliens or alien smugglers.

[ ] Not reenter the United States illegally.

[ ] Not enter the Republic of Mexico without written permission of the Court or probation officer.

[ ] Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

[ ] Not possess any narcotic drug or controlled substance without a lawful medical prescription.

[ ] Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

[ ] Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

[ ] Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

[X] Provide complete disclosure of personal and business financial records to the probation officer as requested.

[X] Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

[ ] Seek and maintain full time employment and/or schooling or a combination of both.

[ ] Resolve all outstanding warrants within            days.

[ ] Complete         hours of community service in a program approved by the probation officer within

[ ] Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

[ ] Comply with the conditions of the Home Confinement Program for a period of                 months and remain at your residence except for activities or employment as approved by the court or probation officer.

[ ] Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

X Prohibited from traveling domestically and internationally without approval of the Probation Officer.

07CR2016-IEG

FILED

NOV - 1 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>HENRIKO CHUNG,<br><br>    Defendant. | Case No. 07cr2016-IEG<br><br>ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of the above-named Defendant, HENRIKO CHUNG ("Defendant"), pursuant to 21 U.S.C. § 853, as property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of the offenses alleged in Count 3 of the Indictment, and pursuant to 18 U.S.C. § 982, as property involved in the offense of money laundering as alleged in Count 237; and

WHEREAS, on or about November 1, 2007, Defendant pled guilty to Counts 3 and 237 of the Indictment, which plea included a consent to Criminal Forfeiture Allegation No. 2, under 21 U.S.C. § 853, and Criminal Forfeiture Allegation No. 3, under 18 U.S.C. § 982, and an agreement to entry of a **$864,898.06** judgment against the Defendant in favor of the United States; and

WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court determined that **$864,898.06** (U.S. dollars) represents the drug proceeds

1   the Defendant obtained directly or indirectly as a result of the violation of Title 21, United States
2   Code, Sections 846, 841(a)(1), (b)(1)(D), (b)(2), and 843(b), including, but not limited to, any and
3   all monetary commissions related thereto, and property involved in the offense of money
4   laundering in violation of 18 U.S.C. § 1956(h), as charged in the Indictment; and

5       WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now
6   entitled to an Order of Forfeiture and a judgment in its favor against the Defendant in the amount
7   of **$864,898.06**, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982 and Rule 32.2(b) of the Federal
8   Rules of Criminal Procedure; and

9       WHEREAS, Defendant shall pay the **$864,898.06** due to the United States on or prior to
10  the date on which Defendant is sentenced, by way of a certified check made payable to the
11  United States Department of Treasury; and

12      WHEREAS, Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent
13  that the forfeiture consists of a money judgment;" and

14      WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has
15  established the requisite nexus between the **$864,898.06** judgment and the offense; and

16      WHEREAS, the United States, having submitted the Order herein to the Defendant through
17  his attorney of record, to review, and no objections having been received;

18      Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

19      1.    The United States shall have a judgment against Defendant HENRIKO CHUNG
20  in the amount of **$864,898.06**;

21      2.    Defendant shall pay the **$864,898.06** due to the United States on or prior to the date
22  on which Defendant is sentenced, by way of a certified check made payable to the United States
23  Department of Treasury;

24      3.    This Court shall retain jurisdiction in the case for the purpose of enforcing the order
25  of forfeiture and collecting and enforcing the judgment; and

26      4.    Upon receipt of the **$864,898.06** from the Defendant, the **$864,898.06** is forfeited
27  to the United States pursuant to Title 21, United States Code, Section 853 and Title 18,
28  United States Code, Section 982;

5. Pursuant to Rule 32.2(b)(3), this Order is final as to the Defendant at the time it is entered, and shall be incorporated as a part of Defendant's sentencing and is part of the sentence and included in the judgment; and

6. The United States may, if not timely paid the **$864,898.06** by the Defendant, move to amend this Order of Forfeiture to substitute property pursuant to Rule 32.2(e) having a value not to exceed **$864,898.06** to satisfy the money judgment in whole or in part.

DATED: 11/1/07

IRMA E. GONZALEZ, Judge
United States District Court